## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

IN RE: APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Case No. 3:23-mj-666 (RMS)

July 28, 2024

## MOTION TO (1) UNSEAL, (2) CONTINUE SEALING CERTAIN UNREDACTED DOCUMENTS, AND (3) FILE REDACTED DOCUMENTS

In accordance with Rule 57 of the Local Rules of Criminal Procedure, the government respectfully requests that the Court unseal all of the documents in this case except for the following documents: Doc. #1 and Doc. #2 (collectively, the "Sealed Documents"). With respect to the Sealed Documents, the government respectfully requests that the Court (1) continue sealing the unredacted Sealed Documents until further order of the Court, and (2) permit the government to publicly file redacted versions of the Sealed Documents.

On July 28, 2023, the Court issued an order pursuant to 18 U.S.C. § 2703(d) (the "2703(d) Order") and ordered the 2703(d) Order and the application for the order sealed. The sealing order has expired. No criminal charges have resulted from this investigation and none are anticipated as the matter is now closed. Accordingly, continued sealing of the documents in this case is no longer necessary, except for the unredacted versions of the Sealed Documents.

The Sealed Documents contain information (usernames, email addresses, IP addresses, subscriber names, and home addresses) which could be used to identify uncharged individuals. Accordingly, the government submits that continued sealing of the unredacted Sealed Documents is necessary to prevent public disclosure of the identity of these uncharged individuals, which could cause reputational harm and prejudice their privacy rights. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (stating that the "privacy interests of innocent third parties . . .

should weigh heavily in a court's balancing equation" between the presumption of access and a request to seal).

At the same time, the government seeks leave to publicly file, contemporaneous with this motion, redacted versions of the Sealed Documents. The proposed redactions are limited to the information (usernames, email addresses, IP addresses, subscriber names and home addresses) that could be used to identify the uncharged individuals.[1] Therefore, in accordance with Rule 57 of the Local Rules of Criminal Procedure, the government submits that the requested continued sealing of the unredacted Sealed Documents is justified because the government is seeking leave to file redacted versions of the same documents. Thus, the public will be able to see the nature of the charges and evidence, but not the identity of the uncharged target. Here, the presumption of access to this information is outweighed by the countervailing factors in favor of sealing described above. Moreover, even if a higher standard of sealing applied, the requested sealing of the unredacted Sealed Documents is essential to preserve compelling interests and is narrowly tailored to serve those interests.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court

(1) unseal all of the documents in this case except for Doc. #1 and Doc. #2;

(2) order Doc. #1 and Doc. #2 to remain sealed until further order of the Court; and

(3) permit the government to file a redacted versions of these same documents as publicly available documents. The proposed redacted versions have been filed on the docket contemporaneously with this motion.

---

[1] These proposed redactions are the same redactions that the Court approved in another application for 2703(d) order in the same investigation, *see* Case No. 3:23-mj-501 (RMS) (Doc. #11, #13), and additional redactions for other usernames associated with the uncharged target of the investigation.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:    (203) 821-3700


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 28, 2024, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


*/s/ Neeraj N. Patel*
Neeraj N. Patel
Assistant United States Attorney