UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | No. 3:23-mj-666 RMS <br><br> **Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this application for an Order pursuant to 18 U.S.C. § 2703(d). This application includes a request for nondisclosure pursuant to 18 U.S.C. § 2705(b). The proposed Order would require Snap, Inc ("Snap" or the "Provider"), located at 2772 Donald Douglas Loop North, Santa Monica, California, to disclose certain records and other information pertaining to the **Snap Usernames:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (the "**Target Accounts**"), as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. Snap, Inc is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Snap to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. §§ 2703(c)(1) and (c)(2).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.  A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.  The United States is investigating an individual (or individuals) for alleged violations of 18 U.S.C. § 2252A(a)(2) (Distribution of Child Pornography); 18 U.S.C. § 2252A(a)(1) and (b) (Transportation of Child Pornography); and/or 18 U.S.C. § 2252A(a)(5) (Possession of Child Pornography) (collectively the "TARGET OFFENSES").

5.  This investigation began after the FBI received CyberTipline reports from the National Center for Missing and Exploited Children ("NCMEC") detailing the possible distribution of child pornography by an individual using the Snapchat username "▓▓▓▓▓▓▓▓"

6.  On April 1, 2022, NCMEC received an anonymous tip that a user of the Omegle chat service with the username "▓▓▓▓▓▓▓▓" was offering to share child pornography. Specifically, the tipster provided the description purportedly used by "▓▓▓▓▓▓▓▓" as "trading young C.P creampie megafile link."[1]

---
1 "C.P" is a common abbreviation for child pornography.

7. On June 14, 2022, NCMEC received a tip from a member of the public claiming to be a thirteen year-old minor who provided their contact information. The minor claimed to have been on the Omegle chat service and was contacted with the following message, "Trading Young C.P creamy vids for live snap video of you spreading your pussy wide open. Send to receive or no deal. Snap: ▇▇▇▇▇▇"

8. On October 14, 2022, NCMEC received an anonymous tip that a user of the Omegle chat service was contacted with the following message, "Trading a C.P megafile link. 149.7G, 6-15yo. Got anal, oral, vaginal creampie and pedomom & sis. Accepting live snap nudes (F only) or other megafile links. Send to receive or no deal. Snap: ▇▇▇▇▇▇"[2]

9. On April 7, 2023, an anonymous tipster submitted an online tip via tips.fbi.gov stating that while they were using the Omegle chat service on April 6, 2023, another user claimed to have a mega file link of 122.5 gigabytes with kids ranging from 5-16 years old. This user had a Snapchat username of "▇▇▇▇▇▇."

10. On April 15, 2023, NCMEC received a tip from a member of the public who provided their contact information. This person received a message while using Omegle stating "Trading a C.P megafile link, 119.53G, 6-15yo. Got solos, vaginal, anal and oral creampies, cumshots+pedomoms&sis. Accepting other links, send to receive or no deal. Snap: ▇▇▇▇▇▇"

11. On April 18, 2023, in response to an administrative subpoena, Snapchat provided the following subscriber information for username "▇▇▇▇▇▇": Email: ▇▇▇▇▇▇; Display Name: ▇▇▇; Account Creation IP Address: ▇▇▇▇▇▇ User IP Addresses ▇▇▇▇▇▇ and ▇▇▇▇▇▇

---

[2] "G" is a common abbreviation for gigabyte, and law enforcement believes that this message indicates that the user has 149.7 gigabytes of child pornography to trade.

12. On April 21, 2023, Snapchat sent Cyber Tipline information to NCMEC reporting suspected illegal activity from username " ▓▓▓▓▓▓ " Snapchat provided ten picture files suspected of being lascivious exhibitions by pubescent minors which were uploaded by username ▓▓▓▓▓▓ "

13. On May 8, 2023, in response to an administrative subpoena, Comcast confirmed that the IP address ▓▓▓▓▓▓ was assigned from March 22, 2023 through May 8, 2023 to an individual at an address in Beacon Falls, Connecticut, 06403-1228.

14. On June 1, 2023, Snapchat provided account records pursuant to a 2703(d) order requesting business records associated with username ▓▓▓▓▓▓ Those records indicated the ▓▓▓▓▓▓ account was deactivated on April 21, 2023. Snapchat provided a list of known accounts associated with ▓▓▓▓▓▓. Snapchat associated these accounts through similar Device IDs linked to the same Pixel 6 Pro smartphone. There were fifty associated accounts in total, dating back to November 30, 2021. Ten of these accounts, the **Target Accounts**, were first associated with the same Device ID as the " ▓▓▓▓▓▓ " username in 2023.

15. This application seeks records from Snap associated with the **Target Accounts**, from January 1, 2023, through present, as more fully described in Attachment A. These records will assist investigators in identifying account activity relevant to this investigation.

## REQUEST FOR ORDER

16. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these records will provide law enforcement with information for the **Target Accounts** (including subscriber information and non-content information about interactions with the Account), to help the United States to identify and

locate the individual(s) who are responsible for the events described above. The information will also provide law enforcement with information about the devices the individuals(s) used to access the Target Account and information about other individuals who may have been contacted regarding the Target Offenses. Accordingly, the United States requests that Snap be directed to produce all items described in Part II of Attachment A to the proposed Order.

17. The United States further requests that the Order require Snap not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order for a time period of six months, until November 24, 2023. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses.

18. The United States further requests that the Court order that this application and any resulting order be sealed until November 24, 2023. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the

investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Jessica Casey*

_____
JESSICA CASEY
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. phv207163
157 Church Street, 25th Floor
New Haven, CT 06510
Jessica.casey@usdoj.gov

# ATTACHMENT A

I. **The Account(s)**

The Order applies to certain records and information associated with the following **Snap usernames:**



II. **Records and Other Information to Be Disclosed**

Snap Inc., the company that owns Snapchat ("Snap") is required to disclose the following records and other information, if available, to the United States for the accounts or identifiers listed in Part I of this Attachment ("Accounts"), for the time period April 1, 2022, to present, regardless of whether such information is located within or outside of the United States:

    A.    The following information about the customers or subscribers of the Accounts:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Phone Number;

        4.    Display Name;

5. Account creation data (including account creation date, registration birthdate and email and registration Internet Protocol ["IP"] address);

    6. Timestamp and IP address of account logins and logouts;

    7. Device-related information and device history;

    8. Other subscriber numbers or identities (including the registration Internet Protocol ["IP"] address);

    9. Purchase history (information about services and items purchased through Snap, including in-app purchases, custom filters, and lenses -- includes what was purchased and date of purchase);

    10. Account change history (a log of changes to the account made by the user, including dates/times of changes in registration email address or phone number, birthdate, and display name);

    11. Whether account phone number has been verified;

    12. Last Active date; and

    13. Whether Maps and/or Two-Factor authentication is enabled;

B. All records and other information (not including the contents of communications) relating to the Accounts, including:

    1. Logs containing metadata about a user's Snaps, Stories, Chats;

    2. Associated accounts;

    3. Additional user profile data, including number of Stories viewed; "discover channels" viewed; and ads, apps, and websites that the user has interacted with;

    4. Subscriptions (the accounts/"discover channels" to which a user has "subscribed" [generally, content from brands, news organizations, corporate entities, or influencers]); and

    5. Friends (overview of the user's friends, the friend requests sent, and users blocked and deleted).

The Provider is hereby ordered to disclose the above information to the government within 14 days of issuance of this Order.